Appellant by Michael Greco Information filed in Whiteside County Circuit Court for criminal damage to property and resisting or obstructing a peace officer. We submit that the charge of resisting or obstructing a peace officer, which resulted in a conviction in this case, was not supported by sufficient evidence vis-a-vis the Second District Appellate Court's case in People v. Ship. The People v. Ship decision is practically foursquare with this case. The big difference being that Mr. Scherer did not actually have any contraband on him at the time that he was approached by Officer Rule. At the time Officer Rule, Jake Rule, approached, this is discussed quite extensively in the Appellate's brief. At the time Officer Rule began his investigation of Mr. Scherer apparently striking a gate, an entry gate outside the Mississippi State Park in Sterling, Illinois. Officer Rule's approach was to investigate what happened. I assume he wanted to talk to Mr. Scherer. He probably wanted to talk to Mr. Paul Cadillo, Mr. Scherer's passenger in the vehicle. If he did so, when he approached the vehicle, which Mr. Scherer's custody was, had been stopped on Mineral Springs Road, Mr. Scherer ran and he ran after Officer Rule and told him to get back in his car. He ran after Officer Rule and chased him and he ran after Officer Rule. That's a pretty strong indication that the copper wanted to stop, right? That's a pretty strong indication that the copper wanted to stop, right? That's certainly true. But there's no question that Officer Rule's testimony never gets to what's promised in the information that there was a predicate arrest that was defeated or thwarted by Mr. Scherer's flight. That was averted in the information and that's purged by the state in their briefing stated on page 16 that a crime had been committed at page 21 that the filing of information for criminal damage to property indicates that Officer Rule had intended to investigate and charge a crime and arrest Mr. Scherer for commission of this criminal damage to property. However, that never came from Officer Rule. Officer Rule did candidly at that event. Officer Rule and Mr. Scherer are both long-time residents at that time of that area. They knew each other and Officer Rule really needed only a brief glimpse of Mr. Scherer to identify him. But his insistence was that he told Mr. Scherer to get back in his car. Now, there was yellow. There's no question about it. As Your Honor points out, there was a taste. But there was never an indication as in many of the other cases cited to halt, stop, you're under arrest after you leave. In fact, the defendant, Scherer, who won a motion to quash and suppress arrest, was told he was not free to leave. So we submit that in this case where there is no arrest, the victim from the finding of the Second District Appellate Court where the rule that the legislative, okay, their quotation in the Scherer case is reading these sections together, that being Section 31-1 and 7-7 of the Criminal Code. It is clear that the legislature intended to prevent individuals from obstructing the performance of an arrest, even if unlawful. However, that rule has been limited to unlawful arrests and is not applicable when an officer is not undertaking an arrest. Thus, where a police officer is not trying to make an arrest, Section 31-1 does not prohibit resistance. Who wrote that? Who wrote that opinion, do you remember? I don't remember who wrote the opinion, I'm sorry. But they actually cite and they follow it more than the People v. Moore case, I believe the Third District case. In People v. Schitt, you had an individual who was walking along kind of idly in an area where there had been a report of a fight possibly involving guns. After extensive conversation, the officer sought to detain the defendant, the defendant Schitt. The defendant Schitt did not want to be detained, the officer told him you're not free to leave, and Schitt fled. But he was apprehended, he was found with a loaded pistol. However, in that circumstance, in that case, the arrest and the stop was not supported by probable cause. Here, similarly, in Moore v. Morris, the case where the motion to quash and suppress was granted because the officers apprehended Moore near a high crime tavern, which was known for having criminal activity and narcotics transactions. The officer witnessed Moore make a transaction, he saw hands moving and money in an unknown amount, changed hands, and then when the officer approached Moore and identified himself as an officer, Moore fled. So what you're saying here, to circle back, is that the officer was not undertaking an arrest, is that it? In this case, the officer was not undertaking an arrest. He said that he was investigating the collision with the gate. Well, I'm trying to get to the principle of law, not to get buried in the details here. Okay, so you can free a police officer if he's not in the course of undertaking an arrest, am I correct? That's correct. Okay, and that's from that ship case, whatever, right? That's from the ship case. Okay, so your argument today is that the actions taken by the defendant were permissible, not an obstruction, because the officer, Rule, was not undertaking an arrest? Yes, that's part of the argument. In addition, the officer, Rule, did testify that he was only investigating. He did perform some investigation. He inspected the front of Mr. Schiffer's vehicle. He talked to... So you're distinguishing an investigation of a crime from undertaking an arrest. The investigation of the event, I know it's been urged by the state that there was a crime. The criminal damage to property requires intent. If there was a collision, I don't believe that the officer, Rule, ever described what he observed as a crime or an apparent crime. Let me ask you this. How was the jury instructed on the obstructing charge? What were the instructions? I don't recall what the instructions were at this moment. However, they were instructed based on the no-hackery verdict. What's our standard of review on the jury's verdict? The standard of review is that no-hackery verdict can stand. The manifest way of the act. That any reasonable jury find it guilty on these facts. Yes, that's correct. Find it guilty on a reasonable doubt. That's correct. And I submit that based on the absence of evidence supporting the imminent arrest or the attempted arrest of Mr. Schiffer, that there were no facts from which the jury could have found... Did the instructions say anything about imminent arrest? They did not say anything about imminent arrest. The jury didn't see the information. Pardon me? The jury didn't see the information. They did not see the information. That's correct. My argument is that the state's attorney's office, which is the job and the information... The arguments from the state's attorney's office and the allegations in the information clearly argue that a crime was committed. Specifically, the charge indicates that the attempted act of authority that Officer Rule was sworn in was an arrest. Were you the trial lawyer? Yes, I was. Okay. Did you offer any instructions about imminent arrest that were refused? I did not offer any instructions that were refused, Your Honor. Right. You didn't offer them? No. Yes, I did not. I submit that the instructions that we offered and our arguments were based on the fact that there was no verbal command to Mr. Schiffer to stop his order to get back in his vehicle, which is somewhat inscrutable. I would submit to the person who is outside the vehicle and able to talk to the officer, Mr. Sheriff, and understandably question why he would be ordered or directed to return to his vehicle. Well, it doesn't matter whether he questioned it. What was ambiguous about get back in your car? Nothing's ambiguous about that, but the reason for the direction to return to his vehicle or get back in your vehicle, I submit, is... Well, I say that the officer's got to give him a reason? I submit that for there to be intent supporting the resistance or obstruction, there has to be some communication or act that an officer or the chief indicates. So if you're not free to leave, you're under arrest. Well, get back in your car sounds pretty good to me. If you're not free to leave. It was a matter of opinion, I submit, and I believe that especially when Officer Rule testified under cross-examination that he could have completed this investigation with Mr. Sheriff being outside the vehicle, albeit he said that he could not because Mr. Sheriff had run from the vehicle. The statements, of course, stood for the number of cases which involved the probable cause and the fact that probable cause is not essential to... The state's cases largely are cases where an arrest was clearly attempted and signaled to the defendant. I don't submit, I submit that we have not had that scenario in this case, that get back in your car does not qualify. For that, the recent... Well, the Supreme Court's decision in people versus Baskerville, for instance, was an acquittal because the wife who had previously been convicted of resisting arrest was not part of that decision. However, even her conviction was supported by the fact that the arresting officer in the Baskerville case had seen her driving, had attempted to stop her in her vehicle, and she knew that she had outstanding warrants against her for improper driving related to her ability to drive. So, other than the ship case, are you familiar with any other case in Illinois that says that the only time somebody can obstruct a police officer's duties is if the officer is in the process of making an arrest? The ship is really the one. In another case, it said that the arrest is required. However, there's no other act of authority that's been identified by the state that Mr. Sher could have submitted. It was only the arrest as identified in the information, which I concede is not part of the presentation of information to the jury. There's just no other act identified by the state as being the basis for the resisting instruction. And you were happy with the instructions? I believe that the instructions were what they had to be. I didn't think that there was any way that I could amplify the instructions. What did you argue? Essentially, as I argued before your honor, the testimony in this case makes it clear that from Officer Rule, it makes it clear that his intent was to investigate the striking of the gate at Sinissippi Park. He did not identify a crime of the reports that they filed. What's that? Did he have enough conversation with the officer for him to know what the officer wanted to talk to him about or what was going on in terms of he's already on a vehicle, you're under arrest, or come here and talk to you about X, Y, or Z. Is that in order for resisting, they have to know that an officer is conducting an investigation about something or that they are going to be detained? Yes, the testimony is somewhat equivocal on that. First, Officer Rule testified that he put on his emergency lights about a quarter of a mile or a fifth of a mile from the place where he ultimately encountered Mr. Sher. However, it was clear, we don't have the video on the record unfortunately, but it was clear that it was really the point of turning from Higgs Woodlawn Road onto Mineral Springs Road, which is where Officer Rule encountered Mr. Sher. Only at that point did he turn on his emergency lights. And that matters exactly what? Well, it matters as far as whether a signal had been given to Mr. Sher that he was being stopped because of a strike at a gate. Okay, let me ask you, so if the officer is investigating somebody's strike at a gate, right? Yes. Would it be unreasonable to think the officer wants to talk to the guy driving the car that struck the gate? It would not be unreasonable. However, the somewhat questionable act in which Mr. Sher admitted was poor judgment at trial, that act, I submit, in the circumstances of this case, is not sufficient to resist the term strike. I'm sorry. Justice, you had a question. Okay. Different scenario, driving down, lights go on, and you don't pull over. Is that an offense? Is that obstruction of resisting? The motorist is required to pull over when he receives a signal. He's required to, but what can he be charged if he doesn't do it? What's the charge? That would depend on whether or not there was probable cause for a stop. If there were, then the probability is, if there were an actual stop with the signal from the officer that he's pulling over, not stopping at all, it would be forming the officer. It would be resisting the term striking, I submit. Or fleeing and eluding. Fleeing and eluding is probably a more likely charge. Another one would be potentially leaving the scene of an accident. Okay. Another scenario is that an officer is directing traffic, directing you to pull over or to go this way or that way, and you don't do it. Is that obstructing and resisting? I submit that that would be a difficult case for the state to prove. I would say that... Is there not an offense for failure to follow the directions of, the state would know this better than anyone, follow the directions of an officer? Yes, there would be an offense. And what's the classification of this offense? This offense is a, you could say, class B. Okay. That's a possible class A offense. I can't make it a class A offense. Fine. Thank you. Thank you. Ms. Raymond? Ms. Raymond. Thank you, Court, Your Honors, Counsel. My name is Stephanie Raymond. I'm representing the people of the state of Illinois in this case. Just to sort of get right into the case law, there's an important distinction that I think the SHIP case makes. And that is the, in the SHIP case, the officer was called, a 911 call to the area where there was a gun or some sort of fight. And when the officer came into the area, he just stopped a person and asked them for their ID. The person did not want to give them their ID. Chase ensued, and he was arrested and had contraband on. The court in that case found that it was not proper because he was making a Terry stop without the requisite, without the suspicion that he needed to stop the person in the first place. In this case, because flight gives a probable cause to arrest for obstruction of a peace officer, if before the defendant fled, there was a reasonable suspicion that a crime had occurred. In this case, the officer watched him hit the gate after hours and then drive away. And the officer got behind him and drove behind him. And when he put on his lights, the defendant did not stop his car and continued. At some point, he did stop his car, and as soon as he stopped his car, he got out and fled. There was no conversation between the officer and the defendant. The defendant actually testifies that he did run. He ran when he saw the cop have his hand on his hip. And he continued to run even after falling, even after being chased and after colliding with a tree. He continued to run, all the while the officer yelling, can you please get back in the car, can you please get back in the car. So I think that's the important distinction to make, that flight alone, with other facts, is different. But in this case, the officer watched him commit a crime, which would be criminal damage to property, leaving the scene of an accident. So in this case, I think that's the important part. And commands to say, the officer is not required under the law to say, I'm going to arrest you, but you need to stop so you can be arrested. That's not something that's required. So in this case, the show of authority by the officer would signal to the defendant that he needed to stop his car. And at that point, he was not free to leave. So in this case, the defendant was proven guilty of witnessing a show of authority. The facts were pretty clear. Just to speak to the, the courts have actually found that the arrest occurs when the officer has stopped the car or given a sentation. So he was not free to leave, so the show of authority should have signaled that to him. So it's the defendant's position that he was proven guilty beyond his own doubt of obstructing the case officer. And we ask that you support his conviction. Unless there are no more questions. All right. Thank you. Mr. Greco, Mr. Lobardo. Thank you very much. I submit that the state's assertion that the testimony was that Mr. Scherer did not stop after Officer Rule was chasing him is inaccurate. Officer Rule was, I believe, in his own testimony when he conceded that he was following Mr. Scherer at a distance and checking his background as far as whether or not he was following him. Running a plate to see who he was dealing with before he stopped. Exactly, Your Honor. Yes, that's right. And then at the time Officer Rule put on his emergency lights, he was turning onto Mineral Spring Road, which is where she was. This isn't the law. This is when a police officer pulls up behind you and turns his emergency lights on, signaling you to pull over. You pull over and stop. Under the law, you're seized. In fact, now everybody in the car is seized. Right. Yes. We acknowledge that, Your Honor. That was brought forth. And that's law. I'm seized. And that doesn't mean get out and run. No, it doesn't. In this particular case, it appears that the testimony was somewhat equivocal, that Mr. Scherer was isolated. The testimony said he was already outside of his vehicle. He hadn't started to run. Well, he could have started running from inside his vehicle. We know that. But you're saying that he was outside of his vehicle at the time that the officer turns the corner and turns his lights on. He's already standing outside of the vehicle. Right. On that basis, it's somewhat different from a stop where Mr. Scherer is driving, he sees a cop behind him, and the cop puts on his emergency lights, and Mr. Scherer decides to take off. It is close to the scenario that you're speaking about. If you're stopped by an officer with activated emergency lights, you are supposed to stop. However, in this case, where there was no testimony from Officer Gould that he was attempting to arrest the defendant himself, I mean, there's still a vehicle there that exhibits some scratches from this collision. There's a passenger in the vehicle, and I think there was a medication that was recovered as well. Well, let's suppose this. So there's a cop driving around, he sees a car hit a gate and drive away, and he thinks to himself, that guy might be drunk, hit the gate, might be drunk, might be impaired. So I'm going to stop him and find out. Because normal drivers don't, normally driving, you don't plow in the gates. So there's something, you know, let's see what's going on here. So he doesn't know he's been arrested when he goes up there, but he's thinking, I better check this out. This guy's driving, leaves a little bit of a desire, so let's see what's happening. My argument is somewhat the words of the ship where the fact that there is probable cause to make the stop could make the investigation, does not translate automatically into an attempted arrest, the thwarting of which would result in a guilt for resisting or obstructing a peace officer. Don't think that a weak investigation, such as Daegu was undertaken here, would amount to the necessary physical resistance. Would you agree that the officer appeared in the testimony, the officer was trying to find out, what happened, why did he hit the gate, that's what he wanted to know, right? Well, yes. He saw him hit the gate, he knew he did it, so he's going to stop this guy and find out, hey, what's that all about, right? His testimony was that he saw him and kept a visual line out of it. So he's going to stop this guy and talk to him and find out, gee, maybe the guy said I dropped my coffee or something like that, or maybe the guy's drunk or stoned or who knows what. A lot of reasons, but he couldn't have talked to the guy and find out why he hit the gate, and why was that? Well, because... So, that seems, do you think a reasonable jury could find it by taking a moment to run and he obstructed the officer's investigation into why that car hit that gate? A jury could. I did argue before the jury, and I argue now that within a week, I submit that the statement, get back in your car, is somewhat oblique. These officers, we know, always want to control the scene that they're encountering, and they have important reasons for doing that. Well, sure they do, especially if you've got two guys there and you're going to go out and look at the car and investigate and you don't want somebody standing behind you or things like that. Right, but does that interest convert the flight, even if it's ill-advised, from the officer to a resisting or obstructing? I submit under the SHIP case that it does not. There's not an active arrest that's being pursued. It just isn't the defiance of authority or the resistance or obstruction of the officer's active authority necessary to sustain the pursuit. And I'm sure you're aware, even assuming SHIP was correctly decided, that we're not bound by it. I am aware. It's a second district case. Yes, ma'am. One minute, please. And so, that's really the incident. I know that the state, understandably, continues to seize on the assertion that he had committed a crime, the criminal damage to property in the site that he was acquitted of, which is not dispositive of whether there was leaving the scene of the accident involving property damage would allow him, at least in some period of time, to report the accident. And so, from that perspective, leaving the scene by itself, I submit, would not amount to a crime for which each officer would have been arresting the defendant. And the communication from the officer to the defendant, the get-back-in-the-car, is a lot different from halt, freeze, you're under arrest. For these reasons, I submit that the reversal is in the department in this case. Thank you. All right. Thank you, Mr. Jekyll. Ms. Raymond, thank you, too. And we'll take this matter under advisement. We're at a disposition.